UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Ayehsa Martin, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br><br>Midland Credit Management, Inc.,<br>Midland Funding, LLC<br>and John Does 1-25.<br><br>Defendant. | Civil Action No: 6:19-cv-1226<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ayehsa Martin (hereinafter, "Plaintiff"), a Louisiana resident, brings this Class Action Complaint by and through her attorneys, Scott, Vicknair, Hair & Checki, LLC against Defendants Midland Credit Management, Inc. (hereinafter "Defendant Midland Credit") and Midland Funding, LLC  (hereinafter "Defendant Midland Funding"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Louisiana consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Louisiana, County of Lafayette, residing at 101 Bay Rum Drive, Lafayette, LA 70501.

8. Defendant Midland Credit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108 and may be served with process upon the Corporation Service Company, its registered agent for service of process at Corporation Service Company, 501 Louisiana Ave, Baton Rouge, LA 70802.

9. Upon information and belief, Defendant Midland Credit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North Ste 103, San Diego, CA 92108 and may be served with process upon its registered agent for service of process c/o Corporation Service Company, 501 Louisiana Ave, Baton Rouge, LA 70802.

11. Upon information and belief, Defendant Midland Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Louisiana;

   b. to whom Defendant Midland Credit sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Midland Funding;

   d. containing settlement offers;

   e. without disclosing that entering into payment plan may restart the statute of limitations;

   f. and using language implying that the Defendant has voluntarily chosen not to sue;

   g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The Sub-Class consists of:

   a. all individuals with addresses in the State of Louisiana;

   b. to whom Defendant Midland Credit sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant Midland Funding;

   d. containing deceptively worded settlement offers

   e. which lawsuit was filed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and §1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to September 26, 2018 an obligation was allegedly incurred to Capital One Bank

25. The Capital One Bank obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

26. The alleged Capital One Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Defendant Midland Funding purportedly purchased the alleged debt Capital One Bank debt.

28. Defendant Midland Funding, contracted with the Defendant Midland Credit to collect the alleged debt.

29. Defendant Midland Credit and Defendant Midland Funding collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation September 26, 2018 Collection Letter*

30. On or about September 26, 2018, Defendant Midland Credit sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant Midland Funding. **See Exhibit A**.

31. The letter states in part: "The law limits how long you can be sued on a debt. Due to the age of your debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

32. The Defendant fails to inform the consumer that entering a payment plan may restart the statute of limitations for a lawsuit to occur.

33. The letter contains an invitation for the Plaintiff to call and make payments with various monthly arrangements.

34. However, the letter fails to inform the consumer of the true ramifications of entering into a payment plan.

35. The Defendant's omission could likely lead to the Plaintiff making a partial payment and thereby unknowingly cause him to restart the statute of limitations.

36. Furthermore, the letter's language of "we will not sue" implies that the Defendant has chosen not to sue, rather than the actual reality that the Defendant or any subsequent creditor is currently barred by law from filing a suit.

37. The letter could mislead the Plaintiff to assume that the time-barred debt is legally enforceable and is within the Defendant's discretion whether to sue or not, and more so that another collector could in fact choose to sue the Plaintiff.

38. Additionally, the Letter contain 3 Different payment options.

   a) Option 1, 40% off.

    b) Option 2, 20% off.

    c) Option 3, Monthly payments as low as $50 a month.

39. The third option provided by Defendant is not adequately explained and results in two different interpretations.

40. Under one interpretation, Option 3 is a another settlement option where a discounted amount is being paid in monthly payments of $50 a month.

41. An alternative interpretation of Option 3 is that it is a route to payment in full until the debt is paid off.

42. By failing to explain whether Option 3 is a settlement option or a full pay option Defendants letter is false, deceptive and misleading.

43. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendants violated said section

    a. by creating a false and misleading representation of the legal status of the debt in violation of §1692e(10); and

  b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f** *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

51. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

52. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the true and proper legal status of the debt.

53. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ayehsa Martin, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management Inc, and Defendant Midland Funding LLC, as follows:

55. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Samuel J. Ford, Esq. as Class Counsel;

56. Awarding Plaintiff and the Class statutory damages;

57. Awarding Plaintiff and the Class actual damages;

58. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

59. Awarding pre-judgment interest and post-judgment interest; and

60. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 19, 2019        Respectfully Submitted,


/s/ *Samuel J. Ford*
By: Samuel Ford, Esq.  #36081
**SCOTT, VICKNAIR, HAIR & CHECKI**
909 Pydras St., Ste 1100
New Orleans, LA, 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
*Attorneys For Plaintiff*